Carswell, J.
In an action for the foreclosure of a mortgage on real property, plaintiff moved for an order in the nature of a writ of assistance to evict appellants from certain business premises in Brooklyn.
The undisputed proof establishes that after plaintiff received a deed of the property from the referee in the foreclosure action it received rent for the months of February and March, 1947, from Charles J. Hickman, Jr., doing business as Hickman Mirror & Glass Company. It is claimed that the rent was received as a consequence of error on the part of two employees of the plaintiff bank. One of these payments seems to have been received by the bank before the motion herein was made, and the other before the return day of plaintiff’s selfsame motion for an order in the nature of a writ of assistance to oust the individual appellant. It would seem that these acts of the plaintiff bank preclude it from asserting that the individual appellant is not its tenant and bar recourse by it to a writ of assistance. (8 Carmody on New York Pleading and Practice, part 2, § 996, p. 1064; Toll v. Hiller, 11 Paige Ch. 228; Blackmer v. Dargan, 189 N. Y. S. 582 [not officially reported].)
Assuming, however, without deciding, that these acts did not establish the relation of landlord and tenant as between the plaintiff and the individual appellant, that relationship arose as a consequence of the undisputed facts in respect of the acts of the receiver during the pendency of the foreclosure action.
Plaintiff procured the appointment of one John S. Dowd as a receiver. That receiver, during the pendency of the foreclosure action, moved for an order directing Charles J. Hick *640 man, Jr., doing business under a trade name, to attorn to him as receiver of the mortgaged premises. Despite Hickman’s opposition, such an order was obtained. It directed Hickman, as “ tenant ” occupying part of the premises, “ to attorn to the said Receiver,” and directed Hickman to pay a specified sum per month as “ rent ” for the use of the portion of the premises occupied by him for the period commencing April 1, 1946. Under that order Hickman paid the rent specified up to the delivery of the referee’s deed to the plaintiff on January 30; 1947, and for at least two months thereafter.
Before the enactment of the emergency rent laws, it was well settled that a receiver in a foreclosure action was an officer of the court and property in his possession was regarded as being in custodia legis for the benefit of whoever might establish title thereto and the incidents thereof, (High on Receivers [4th ed.], p. 2; 1 Tardy’s, Smith on Receivers [2d ed.], p. 84 et seq.; Evans v. Mathias, 7 Ell. & Bl., 590, 601.) The attornment therefore, under the above doctrine, would not be binding on plaintiff if there were no statutes involved. Since that doctrine was declared and the cases upon which it is based were decided, the Commercial Rent Law and the Business Rent Law were enacted (L. 1945, ch. 3, and L. 1945, ch. 314, as amd.). Those statutes contain definitions of a “ landlord,” a “ tenant ” and the word “ rent.” In subdivision (d) of section 2 of the Business Rent Law (L. 1945, ch. 314, as amd.) a landlord is defined as “ An owner, lessor, sublessor, receiver * * * or other person receiving or entitled to receive rent for the use 'or occupancy of the whole or a part of any business space.” (Section 2, subdivision (h), of the Commercial Rent Law [L. 1945, ch. 3, as amd.] is similar in effect as to commercial space.) In subdivision (e) of section 2 of the Business Rent Law a tenant is defined as one “ entitled to the possession or to the use or occupancy of the whole or a part of any business space ”, and in subdivision (f) rent is defined as “ The consideration * * * received by the landlord * *
The foregoing definition of landlord includes a “ receiver,” and such a receiver is, perforce the statute, given a status precisely the same as an “ owner ”. The receiver, therefore, had the same power and authority as each of the other enumerated individuals who are defined as a landlord, to accord validly to Hickman the status of a tenant within the -emergency rent laws, and, as a tenant, he is entitled to the benefits accorded by that act. This view of the effect of the statutes in respect-of the power of a receiver acting as landlord does not impair *641 the security of a mortgage in the process of foreclosure. The purpose of a judgment of foreclosure is to divest the mortgagor of ownership. That divestiture is subject to the provisions of the emergency rent laws, if the receiver has the status of an owner, and with that the statutes expressly endow him. The individual appellant, therefore, being a tenant, the writ of assistance is not available to the plaintiff to oust him from possession. The plaintiff’s remedies are those provided under the emergency rent laws.
The order should be modified on the law by striking therefrom the provision which grants plaintiff’s motion for an order in the nature of a writ of assistance to evict appellant Charles J. Hickman, Jr., doing business as Hickman Mirror & Class Company, and inserting in place thereof a provision denying the motion as to such appellant. As thus modified, the order should be affirmed, with $10 costs and disbursements to appellant Charles J. Hickman, Jr.